FILED DATE: 3/29/2019 4:17 PM 2017L003510
FILED DATE: 3/8/2019 2:50 PM 2017L003510

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED
3/8/2019 2:50 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2017L003510

EDUARDO GUZMAN and KARLA )
AVINA, )
                 )
               Plaintiffs, )
   vs. )        No.:  2017 L 3510
                 )
PRAIRIE MANAGEMENT & )
DEVELOPMENT, INC.; )
 PHOENIX COMMUNITY )
BUILDERS, INC; ROCKWELL PROPERTIES, )
LLC; DAVID HUTH, Individually and )
d/b/a H & H CONTRACTING; PATRICK )
ROSEN and MICHAEL ROSEN, Individually )
and d/b/a ROSEN ARCHITECTURE; )
HIGHLAND ENGINEERING, P.C.; EPIC )
BUILDERS, INC.; NORTH SHORE )
BRICKWORK AND WINDOWS, INC.,; AND )
HERA CONSTRUCTION, INC. )
                 )
            Defendants. )

## PLAINTIFFS' THIRD AMENDED COMPLAINT AT LAW

NOW COME the Plaintiffs, EDUARDO GUZMAN and KARLA AVINA, by and

through their attorneys, PULLANO LAW OFFICES, complaining of PRAIRIE

MANAGEMENT & DEVELOPMENT, INC.; PHOENIX COMMUNITY BUILDERS,

INC.; ROCKWELL PROPERTIES, LLC; DAVID HUTH, Individually and d/b/a H & H

CONTRACTING; PATRICK ROSEN and MICHAEL ROSEN, Individually and d/b/a

ROSEN ARCHITECTURE; HIGHLAND ENGINEERING, P.C.; EPIC BUILDERS, INC.;

NORTH SHORE BRICKWORK AND WINDOWS, INC., and HERA CONSTRUCTION,

INC. and state as follows:



**Columbia - Scottsdale/Westfield 000148**         **EXHIBIT 1**

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/8/2019 2:50 PM   2017L003510

### COUNT I – Construction Negligence –
### vs. PRAIRIE MANAGEMENT & DEVELOPMENT, INC.

1.  On or about March 13, 2017, Defendant, PRAIRIE MANAGEMENT & DEVELOPMENT, INC., was engaged in the supervision, observation and construction management of the property located at 3057 N. Rockwell Street, Chicago, Illinois (hereinafter referred to as the construction site).

2.  At all times relevant herein, the Defendant, PRAIRIE MANAGEMENT & DEVELOPMENT, INC., was the construction manager and occupier of the construction site.

3.  On or about March 13, 2017, the Plaintiff, EDUARDO GUZMAN, was an employee of TDH MECHANICAL, INC. and was a lawful entrant upon the construction site and a business invitee who was engaged in HVAC work on the construction site.

4.  That Defendant, PRAIRIE MANAGEMENT & DEVELOPMENT, INC., as supervisor, construction manager and occupier of the construction site, owed a duty of care to the Plaintiff not to injure him in the course of its respective activities at the construction site or its occupancy of the premises.

5.  At all relevant times herein, the Defendant, PRAIRIE MANAGEMENT & DEVELOPMENT, INC., had overall responsibility for safety at the construction site, including the work area where Plaintiff was working at the time of his injuries.

6.  That while Plaintiff was working at the above construction site on March 13, 2017, he fell through an unguarded opening in the 2nd floor and fell approximately 22 feet thereby sustaining serious injuries.

Columbia - Scottsdale/Westfield 000149

FILED DATE: 3/29/2019 4:17 PM 2017L003510
FILED DATE: 3/6/2019 2:50 PM 2017L003510

7.  At all relevant times herein, Defendant, PRAIRIE MANAGEMENT & DEVELOPMENT, INC., owed a duty of due care to the Plaintiff, including the duty to exercise reasonable care towards Plaintiff during construction.

8.  At all relevant times herein, Defendant, PRAIRIE MANAGEMENT & DEVELOPMENT, INC., owed a duty of duty care to the Plaintiff including the duty to keep itself informed of the condition of the worksite and take whatever safety precautions were necessary to protect against foreseeable injuries to Plaintiff, including the duty to keep the elevated 2nd floor safe and without dangerous, unmarked and unsecured openings in the floor.

9.  The Defendant, PRAIRIE MANAGEMENT & DEVELOPMENT, INC., breached its duty of due care owed to Plaintiff, EDUARDO GUZMAN, in one or more of the following respects:

(a)  Defendant carelessly and negligently failed to supervise, inspect and monitor the construction site in order to prevent and protect Plaintiff from falling through the unguarded opening in the floor;

(b)  Defendant carelessly and negligently failed to supervise, inspect, monitor, and coordinate the work of the subcontractors on the construction site in order to prevent and protect Plaintiff from falling through the unprotected opening in the floor;

(c)  Defendant carelessly and negligently allowed the opening in the wood floor to remain open and unprotected which Plaintiff fell through and sustained serious personal injuries;

(d)  Defendant carelessly and negligently failed to warn and alert Plaintiff of the opening in the floor;

(e)  Defendant carelessly and negligently violated OSHA regulation §1926.500(b)(1) in failing to protect the floor opening as required;

Columbia - Scottsdale/Westfield 000150

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/8/2019 2:50 PM   2017L003510

(f)     Defend and carelessly and negligently violated OSHA regulation §1926.503(a) by failing to train employees in proper procedures to guard against fall protection;

(g)     Defendant carelessly and negligently violated OSHA Rule §926.56 by failing to provide adequate illumination near the area of the opening in the 2nd floor Plaintiff fell through;

(h)     Defendant carelessly and negligently failed to inspect or otherwise keep itself informed of the condition of the worksite and take necessary safety precautions to prevent the opening in the floor from causing falls and to protect against foreseeable injuries, including those to the Plaintiff herein;

(i)     Defendant carelessly and negligently failed to provide Plaintiff with a safe work place by allowing the opening in the floor to remain unprotected and exposed Plaintiff to the risk of falling through the opening; and

(j)     Defendant carelessly and negligently failed to properly supervise the construction site and monitor work of its subcontractors, and thereby allowed its subcontractors to engage in the unsafe practice of not covering or guarding the unmarked opening in the floor with appropriate protection which exposed Plaintiff to the risk of falling through the opening.

10.   As a direct and proximate result of one or more of the foregoing breaches, the Plaintiff was injured at the construction site.   By reason thereof, Plaintiff, EDUARDO GUZMAN, sustained multiple serious injuries; was hospitalized; required surgery; has suffered and will continue to suffer pain and mental anguish; has incurred and will incur in the future lost earnings; has been disabled and will continue to be disabled; has sustained the loss of a normal life; disfigurement; and has incurred and will continue to incur sums of money for medical treatment of said injuries into the future.

WHEREFORE, Plaintiff, EDUARDO GUZMAN, prays for judgment against Defendant, PRAIRIE MANAGEMENT & DEVELOPMENT, INC., for an amount in

**Columbia - Scottsdale/Westfield 000151**

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/6/2019 2:50 PM   2017L003510

excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs for this action and such further relief as this Court deems just and proper.

## COUNT II – Loss of Consortium
## Re: Plaintiff, KARLA AVINA

1-10.   Plaintiff, KARLA AVINA, re-alleges paragraphs 1 through 10 of Count I, as paragraphs 1 through 10 of COUNT II herein.

11.   Plaintiff's spouse, KARLA AVINA, is and at all times mentioned in COUNTS I and II, was the lawful wedded wife of Plaintiff, EDUARDO GUZMAN, and has continuously been living with, consorting and cohabiting with her husband.

12.   Because of said injuries to Plaintiff, EDUARDO GUZMAN, and as a direct and proximate consequence of the negligent, wrongful and careless acts of Defendant, PRAIRIE MANAGEMENT & DEVELOPMENT, INC., as aforesaid, Plaintiff, EDUARDO GUZMAN, became permanently damaged in and about his body and will remain so for the duration of his life; and Plaintiff's wife, KARLA AVINA, has been and will continue to be caused to expend large sums of money for services which her husband could and would have performed for her, and has been and will continue to be otherwise greatly injured, inconvenienced and harassed by means of the negligence and carelessness of Defendant, PRAIRIE MANAGEMENT & DEVELOPMENT, INC., as aforesaid.

WHEREFORE, Plaintiff, KARLA AVINA, prays for judgment against Defendant, PRAIRIE MANAGEMENT & DEVELOPMENT, INC., for an amount in excess of FIFTY THOUSAND DOLLARS, ($50,000.00), plus costs for this action and such further relief as the Court deems just and proper.

**Columbia - Scottsdale/Westfield 000152**

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/6/2019 2:50 PM   2017L003510

## COUNT III – CONSTRUCTION NEGLIGENCE
## vs. PAUL LEVY and PHOENIX COMMUNITY BUILDERS, INC.

1.      On or about March 13, 2017, Defendants, PAUL LEVY, Individually, and PHOENIX COMMUNITY BUILDERS, INC., (hereinafter referred to as PHOENIX), in one or more combinations, were engaged in the supervision, observation and construction management of the property located at 3057 N. Rockwell Street, Chicago, Illinois (hereinafter referred to as the construction site).

2.      At all times relevant herein, the Defendants, PAUL LEVY, Individually, and PHOENIX, in one or more combinations, were the construction managers and occupiers of the construction site.

3.      On or about March 13, 2017, the Plaintiff, EDUARDO GUZMAN, was an employee of TDH MECHANICAL, INC. and was a lawful entrant upon the construction site and a business invitee who was engaged in HVAC work on the construction site.

4.      That Defendants PAUL LEVY, Individually, and PHOENIX, in one or more combinations, as supervisors, construction managers and occupiers of the construction site, owed a duty of care to the Plaintiff not to injure him in the course of their respective activities at the construction site or their occupancy of the premises.

5.      At all relevant times herein, the Defendants, PAUL LEVY, Individually, and PHOENIX, in one or more combinations, had overall responsibility for safety at the construction site, including the work area where Plaintiff was working at the time of his injuries.

6

**Columbia - Scottsdale/Westfield 000153**

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/8/2019 2:50 PM   2017L003510

6.     That while Plaintiff was working at the above construction site on March 13, 2017, he fell through an unguarded opening in the 2nd floor and fell approximately 22 feet thereby sustaining serious injuries.

7.     At all relevant times herein, Defendants, PAUL LEVY, Individually, and PHOENIX, in one or more combinations, owed a duty of due care to the Plaintiff, EDUARDO GUZMAN, including the duty to exercise reasonable care towards Plaintiff during construction.

8.     At all relevant times herein, Defendants, PAUL LEVY, Individually, and PHOENIX, in one or more combinations, owed a duty of duty care to the Plaintiff, EDUARDO GUZMAN, including the duty to keep themselves informed of the condition of the worksite and take whatever safety precautions were necessary to protect against foreseeable injuries to Plaintiff, EDUARDO GUZMAN, including the duty to keep the elevated 2nd floor safe and without dangerous, unmarked and unsecured openings in the floor.

9.     The Defendants, PAUL LEVY, Individually, and PHOENIX, in one or more combinations, breached their duty of due care owed to Plaintiff, EDUARDO GUZMAN, in one or more of the following respects:

(a)     Defendants, in one or more combinations, carelessly and negligently failed to supervise, inspect and monitor the construction site in order to prevent and protect Plaintiff from falling through the unguarded opening in the floor;

(b)     Defendants, in one or more combinations, carelessly and negligently failed to supervise, inspect, monitor, and coordinate the work of the subcontractors on the construction site in order to prevent and protect Plaintiff from falling through the unprotected opening in the floor;

Columbia - Scottsdale/Westfield 000154

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/8/2019 2:50 PM   2017L003510

(c)    Defendants, in one or more combinations, carelessly and negligently allowed the opening in the wood floor to remain open and unprotected which Plaintiff fell through and sustained serious personal injuries;

(d)    Defendants, in one or more combinations, carelessly and negligently failed to warn and alert Plaintiff of the opening in the floor;

(e)    Defendants, in one or more combinations, carelessly and negligently violated OSHA regulation §1926.500(b)(1) in failing to protect the floor opening as required;

(f)    Defendants, in one or more combinations, carelessly and negligently violated OSHA regulation §1926.503(a) by failing to train employees in proper fall protection procedures to guard against falls;

(g)    Defendants, in one or more combinations, carelessly and negligently violated OSHA Rule §926.56 by failing to provide adequate illumination near the area of the opening in the 2nd floor that Plaintiff fell through;

(h)    Defendants, in one or more combinations, carelessly and negligently failed to inspect or otherwise keep themselves informed of the condition of the worksite and take necessary safety precautions to prevent the opening in the floor from causing falls and to protect against foreseeable injuries, including those to the Plaintiff herein;

(i)    Defendants, in one or more combinations, carelessly and negligently failed to provide Plaintiff with a safe work place by allowing the opening in the floor to remain unprotected and exposed Plaintiff to the risk of falling through the opening; and

(j)    Defendants, in one or more combinations, carelessly and negligently failed to properly supervise the construction site and monitor work of its subcontractors, and thereby allowed its subcontractors to engage in the unsafe practice of not covering or guarding the unmarked opening in the floor with appropriate protection which exposed Plaintiff to the risk of falling through the opening.

10.    As a direct and proximate result of one or more of the foregoing breaches, the Plaintiff was injured at the construction site. By reason thereof, Plaintiff, EDUARDO GUZMAN, sustained multiple serious injuries; was hospitalized; required

**Columbia - Scottsdale/Westfield 000155**

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/6/2019 2:50 PM   2017L003510

surgery; has suffered and will continue to suffer pain and mental anguish; has incurred and will incur in the future lost earnings; has been disabled and will continue to be disabled; has sustained the loss of a normal life; disfigurement; and has incurred and will continue to incur sums of money for medical treatment of said injuries into the future.

WHEREFORE, Plaintiff, EDUARDO GUZMAN, prays for judgment against Defendant, PAUL LEVY, Individually, and PHOENIX COMMUNITY BUILDERS, INC., jointly and severally, for an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs for this action and such further relief as this Court deems just and proper.

### COUNT IV – Loss of Consortium
### Re: Plaintiff, KARLA AVINA

1-10.   Plaintiff, KARLA AVINA, re-alleges paragraphs 1 through 10 of Count III, as paragraphs 1 through 10 of COUNT IV herein.

11.   Plaintiff's spouse, KARLA AVINA, is and at all times mentioned in COUNTS V and VI, was the lawful wedded wife of Plaintiff, EDUARDO GUZMAN, and has continuously been living with, consorting and cohabiting with her husband.

12.   Because of said injuries to Plaintiff, EDUARDO GUZMAN, and as a direct and proximate consequence of the negligent, wrongful and careless acts of Defendants, PAUL LEVY, Individually, and PHOENIX COMMUNITY BUILDERS, INC, as aforesaid, Plaintiff, EDUARDO GUZMAN, became permanently damaged in and about his body and will remain so for the duration of his life; and Plaintiff's wife, KARLA AVINA, has been and will continue to be caused to expend large sums of money for services which her husband could and would have performed for her, and has been and

9

will continue to be otherwise greatly injured, inconvenienced and harassed by means of the negligence and carelessness of Defendants, PAUL LEVY, Individually, and PHOENIX COMMUNITY BUILDERS, INC., as aforesaid.

WHEREFORE, Plaintiff, KARLA AVINA, prays for judgment against Defendants, PAUL LEVY, Individually, and PHOENIX COMMUNITY BUILDERS, INC., for an amount in excess of FIFTY THOUSAND DOLLARS, ($50,000.00), plus costs for this action and such further relief as the Court deems just and proper.

**COUNT V – Negligence
vs. ROCKWELL PROPERTIES, LLC**

1.    On or about March 13, 2017 and sometime prior thereto, Defendant, ROCKWELL PROPERTIES, LLC, was the legal owner of the construction site located at 3057 N. Rockwell, Chicago, Illinois, 60618, legally described in Exhibit A, attached hereto.

2.    On or about March 13, 2017 and sometime prior thereto Defendant, ROCKWELL PROPERTIES, LLC, owned, operated, leased, occupied, managed, maintained and controlled the aforementioned property located at 3057 N. Rockwell, Chicago, Illinois, 60618.

3.    At all times relevant herein, Defendants, ROCKWELL PROPERTIES, LLC, in one or more combinations, were planners, managers, builders and occupiers of the construction site and were the owners of the premises.

4.    On or about March 13, 2017, Plaintiff, EDUARDO GUZMAN, was an employee of TDH MECHANICAL, INC. and was a lawful entrant upon the

**Columbia - Scottsdale/Westfield 000157**

FILED DATE: 3/29/2019 4:17 PM 2017L003510
FILED DATE: 3/8/2019 2:50 PM 2017L003510

construction site and a business invitee who was engaged in HVAC work on the construction site.

5.      That Defendant, ROCKWELL PROPERTIES, LLC, in one or more combinations, breached its duty of care pursuant to the Illinois Premises Liability Act by allowing the opening in the 2nd floor to remain unguarded, unmarked and unsecured, which exposed, Plaintiff, EDUARDO GUZMAN, to the risk of falling through said opening.

6.      That while Plaintiff was working at the above construction site on March 13, 2017, he fell through an unguarded opening in the 2nd floor and fell approximately 22 feet thereby sustaining serious injuries.

7.      That as owners and occupiers of the property it was the duty of Defendant, ROCKWELL PROPERTIES, LLC, in one or more combinations, pursuant to 740 ILCS 130/2 et seq. to exercise reasonable care in maintaining the property free from hazards.

8.      At all relevant times herein, Defendant, ROCKWELL PROPERTIES, LLC., in one or more combinations, owed a duty of care to the Plaintiff, EDUARDO GUZMAN, including the duty to keep itself informed of the condition of the premises and take whatever safety precautions were necessary to protect against foreseeable injuries to Plaintiff, including the duty to keep the elevated 2nd floor safe and without dangerous, unmarked and unsecured openings in the floor.

9.      The Defendant, ROCKWELL PROPERTIES, LLC, in one or more combinations, breached its duty of due care owed to Plaintiff, EDUARDO GUZMAN, in one or more of the following respects:

(a)      Defendant, in one or more combinations, carelessly and negligently failed to supervise, inspect and monitor the construction site in order to prevent

**Columbia - Scottsdale/Westfield 000158**

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/8/2019 2:50 PM   2017L003510

and protect Plaintiff from falling through the unguarded opening in the floor;

(b)    Defendant, in one or more combinations, carelessly and negligently failed to supervise, inspect, monitor, and coordinate the work of the subcontractors on the construction site in order to prevent and protect Plaintiff from falling through the unprotected opening in the floor;

(c)    Defendant, in one or more combinations, carelessly and negligently allowed the opening in the wood floor to remain open and unprotected which Plaintiff fell through and sustained serious personal injuries;

(d)    Defendant, in one or more combinations, carelessly and negligently failed to warn and alert Plaintiff of the opening in the floor;

(e)    Defendant, in one or more combinations, carelessly and negligently violated OSHA regulation §1926.500(b)(1) in failing to protect the floor opening as required;

(f)    Defendant, in one or more combinations, carelessly and negligently violated OSHA regulation §1926.503(a) by failing to train employees in proper fall protection procedures to guard against falls;

(g)    Defendant, in one or more combinations, carelessly and negligently violated OSHA Rule §926.56 by failing to provide adequate illumination near the area of the opening in the 2nd floor that Plaintiff fell through;

(h)    Defendant, in one or more combinations, carelessly and negligently failed to inspect or otherwise keep themselves informed of the condition of the worksite and take necessary safety precautions to prevent the opening in the floor from causing falls and to protect against foreseeable injuries, including those to the Plaintiff herein;

(i)    Defendant, in one or more combinations, carelessly and negligently failed to provide Plaintiff with a safe work place by allowing the opening in the floor to remain unprotected and exposed Plaintiff to the risk of falling through the opening; and

(j)    Defendant, in one or more combinations, carelessly and negligently failed to properly supervise the construction site and monitor work of its subcontractors, and thereby allowed its subcontractors to engage in the unsafe practice of not covering or guarding the unmarked opening in the

Columbia - Scottsdale/Westfield 000159

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/8/2019 2:50 PM   2017L003510

floor with appropriate protection which exposed Plaintiff to the risk of falling through the opening.

10.    As a direct and proximate result of one or more of the foregoing breaches, the Plaintiff, EDUARDO GUZMAN, was injured at the construction site. By reason thereof, Plaintiff, EDUARDO GUZMAN, sustained multiple serious injuries; was hospitalized; required surgery; has suffered and will continue to suffer pain and mental anguish; has incurred and will incur in the future lost earnings; has been disabled and will continue to be disabled; has sustained the loss of a normal life; disfigurement; and has incurred and will continue to incur sums of money for medical treatment of said injuries into the future.

WHEREFORE, Plaintiff, EDUARDO GUZMAN, prays for judgment against ROCKWELL PROPERTIES, LLC., for an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs for this action and such further relief as this Court deems just and proper.

### COUNT VI – Loss of Consortium
### Re: Plaintiff, KARLA AVINA

1-10.    Plaintiff, KARLA AVINA, re-alleges paragraphs 1 through 10 of Count V, as paragraphs 1 through 10 of COUNT VI herein.

11.    Plaintiff's spouse, KARLA AVINA, is and at all times mentioned in COUNTS VII and VIII, was the lawful wedded wife of Plaintiff, EDUARDO GUZMAN, and has continuously been living with, consorting and cohabiting with her husband.

12.    Because of said injuries to Plaintiff, EDUARDO GUZMAN, and as a direct and proximate consequence of the negligent, wrongful and careless acts of Defendant, ROCKWELL PROPERTIES, LLC., as aforesaid, Plaintiff, EDUARDO GUZMAN,

13

**Columbia - Scottsdale/Westfield 000160**

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/8/2019 2:50 PM   2017L003510

became permanently damaged in and about his body and will remain so for the duration of his life; and Plaintiff's wife, KARLA AVINA, has been and will continue to be caused to expend large sums of money for services which her husband could and would have performed for her, and has been and will continue to be otherwise greatly injured, inconvenienced and harassed by means of the negligence and carelessness of Defendant, ROCKWELL PROPERTIES, LLC, as aforesaid.

WHEREFORE, Plaintiff, KARLA AVINA, prays for judgment against Defendant, ROCKWELL PROPERTIES, LLC, for an amount in excess of FIFTY THOUSAND DOLLARS, ($50,000.00), plus costs for this action and such further relief as the Court deems just and proper.

### COUNT VII – CONSTRUCTION NEGLIGENCE
### vs. DAVID HUTH d/b/a H&H CONTRACTING

1.     On or about March 13, 2017, Defendant, DAVID HUTH, Individually and d/b/a H & H CONTRACTING (hereinafter collectively referred to as H & H), was engaged in general construction and floor removal work at a construction project located at 3057 N. Rockwell Street, Chicago, Illinois.

2.     At all relevant times herein, Defendant, H & H, was one of the subcontractors or was a contractor at the construction site.

3.     On or about March 13, 2017, the Plaintiff, EDUARDO GUZMAN, was an employee of TDH MECHANICAL, INC. and was a lawful entrant upon the construction site and a business invitee who was engaged in HVAC work on the construction site.

Columbia - Scottsdale/Westfield 000161

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/8/2019 2:50 PM   2017L003510

4.    That Defendant, H & H, as a subcontractor or contractor working at the construction site owed a duty of care to Plaintiff not to injure him in the course of its respective activities at the construction site.

5.    That in the course of its activities on the construction site Defendant, H & H, removed a portion of the 2nd floor creating an opening, which it did not mark, secure, or guard in any way.

6.    That on March 13, 2017 while Plaintiff, EDUARDO GUZMAN, was working at the above construction site he fell approximately 22 feet through the unguarded opening in the 2nd floor created by Defendant, H & H.

7.    At all relevant times herein, Defendant, H & H, owed a duty of care to Plaintiff, EDUARDO GUZMAN, including the duty to exercise reasonable care during construction.

8.    At all relevant times herein, Defendant, H & H, owed a duty of care to Plaintiff including the duty to guard against dangerous conditions on the worksite and guard against foreseeable injuries to Plaintiff, EDUARDO GUZMAN, including the duty to keep the elevated 2nd floor safe and without dangerous, unmarked, unsecured openings which it created.

9.    That Defendant, H & H, breached its duty of care owed to Plaintiff, EDUARDO GUZMAN, in one or more of the following respects:

(a)    Defendant carelessly and negligently cut an opening in the wooden floor on the 2nd floor and allowed said opening to remain unprotected, which plaintiff fell through and suffered serious personal injuries;

(b)    Defendant carelessly and negligently failed to warn and alert Plaintiff of the opening in the floor, which it created;

**Columbia - Scottsdale/Westfield 000162**

FILED DATE: 3/29/2019 4:17 PM 2017L003510
FILED DATE: 3/8/2019 2:50 PM 2017L003510

(c)      Defendant carelessly and negligently violated OSHA regulation §1926.500(b)(1) by failing to protect the opening as required;

(d)      Defendant carelessly and negligently violated OSHA regulation §1926.503(a) by failing to properly train employees in fall protection procedures to guard against falls;

(e)      Defendant carelessly and negligently violated OSHA regulation §1926.56 by failing to provide adequate illumination near the area of the opening in the 2nd floor which the plaintiff fell through; and

(f)      Defendant carelessly and negligently failed to properly supervise the construction work its employees performed on the site and thereby engaged in the unsafe practice of not guarding the unmarked opening with appropriate protection, which exposed Plaintiff to the risk of falling through said opening.

10.    As a direct and proximate result of one or more of the foregoing breaches, the Plaintiff was injured at the construction site. By reason thereof, Plaintiff, EDUARDO GUZMAN, sustained multiple serious injuries; was hospitalized; required surgery; has suffered and will continue to suffer pain and mental anguish; has incurred and will incur in the future lost earnings; has been disabled and will continue to be disabled; has sustained the loss of a normal life; disfigurement; and has incurred and will continue to incur sums of money for medical treatment of said injuries into the future.

WHEREFORE, Plaintiff, EDUARDO GUZMAN, prays for judgment against Defendant, DAVID HUTH, Individually and d/b/a H & H CONTRACTING, for an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs for this action and such further relief as this Court deems just and proper.

Columbia - Scottsdale/Westfield 000163

FILED DATE: 3/29/2019 4:17 PM  2017L003510
FILED DATE: 3/8/2019 2:50 PM  2017L003510

### COUNT VIII – Loss of Consortium
### Re: Plaintiff, KARLA AVINA

1-10.   Plaintiff, KARLA AVINA, re-alleges paragraphs 1 through 10 of Count VII, as paragraphs 1 through 10 of COUNT VIII herein.

11.   Plaintiff's spouse, KARLA AVINA, is and at all times mentioned in COUNTS VII and VIII, was the lawful wedded wife of Plaintiff, EDUARDO GUZMAN, and has continuously been living with, consorting and cohabiting with her husband.

12.   Because of said injuries to Plaintiff, EDUARDO GUZMAN, and as a direct and proximate consequence of the negligent, wrongful and careless acts of Defendants, DAVID HUTH, Individually and d/b/a H & H CONTRACTING, as aforesaid, Plaintiff, EDUARDO GUZMAN, became permanently damaged in and about his body and will remain so for the duration of his life; and Plaintiff's wife, KARLA AVINA, has been and will continue to be caused to expend large sums of money for services which her husband could and would have performed for her, and has been and will continue to be otherwise greatly injured, inconvenienced and harassed by means of the negligence and carelessness of Defendants, DAVID HUTH, Individually and d/b/a H & H CONTRACTING, as aforesaid.

WHEREFORE, Plaintiff, KARLA AVINA, prays for judgment against Defendants, DAVID HUTH, Individually and d/b/a H & H CONTRACTING, for an amount in excess of FIFTY THOUSAND DOLLARS, ($50,000.00), plus costs for this action and such further relief as the Court deems just and proper.

**Columbia - Scottsdale/Westfield 000164**

FILED DATE: 3/29/2019 4:17 PM    2017L003510
FILED DATE: 3/8/2019 2:50 PM    2017L003510

## COUNT IX – CONSTRUCTION NEGLIGENCE
## vs. MICHAEL ROSEN and PATRICK ROSEN,
## Individually and d/b/a ROSEN ARCHITECTURE

1.    Plaintiff re-alleges Paragraphs 1 through 10 of Count VII as Paragraphs 1 through 10 of Count IX herein.

11.    On or about March 13, 2017 and sometime prior thereto, Defendants, PATRICK ROSEN and MICHAEL ROSEN, Individually and d/b/a ROSEN ARCHITECTURE, (hereinafter collectively referred to as ROSEN ARCHITECTURE), in one or more combinations, was engaged in the designing, development, planning, preservation, specified and oversaw the construction of the construction site located at 3057 N. Rockwell Street, Chicago, Illinois.

12.    That on March 13, 2017 and sometime prior thereto Defendants, ROSEN ARCHITECTURE, in one or more combinations, undertook in their professional capacity as an architecture firm to design and specify the construction and floor removal of the construction site.

13.    That the existing building at the construction site was to be partially reconstructed in accordance with Defendants', ROSEN ARCHITECTURE, designs and specifications (herein plans).

14.    At all relevant times herein, Defendants, ROSEN ARCHITECTURE, in one or more combinations, were the architects, designers, and planners of the construction site.

15.    That the above-mentioned construction plans were used in the floor removal and construction work at the construction site.

Columbia - Scottsdale/Westfield 000165

FILED DATE: 3/29/2019 4:17 PM  2017L003510
FILED DATE: 3/6/2019 2:50 PM  2017L003510

16.    On or about March 13, 2017, Plaintiff, EDUARDO GUZMAN, was an employee of TDH Mechanical, Inc. and was a lawful entrant upon the construction site and a business invitee engaged in HVAC work on the construction site.

17.    That Defendants, ROSEN ARCHITECTURE, in one or more combinations, as architects, designers, and contractors on the site owed a duty of due care to the Plaintiff not injure him in connection with its work or services at the construction site.

18.    At all relevant times herein Defendants, ROSEN ARCHITECTURE, in one or more combinations, owed a duty to the public and to Plaintiff to use the skill and ordinary care used by reasonably well-qualified architects under similar circumstances to those set forth herein.

19.    That Plaintiff, EDUARDO GUZMAN, while working at the construction site on March 13, 2017 fell approximately twenty-two feet through an unguarded opening in the 2nd floor thereby sustaining serious injuries.

20.    That Defendants, ROSEN ARCHITECTURE, in one or more combinations, breached its duty of care to Plaintiff, EDUARDO GUZMAN, in one or more of the following respects:

(a)    Defendants negligently omitted proper and adequate specifications in the construction plans to require all general contractors, contractors, and subcontractors to perform the floor removal and construction work in accordance with recognized safety standards for such floor removal and construction work;

(b)    Defendants negligently and carelessly failed to advise the owners, occupier or contractors to include such specifications in the plans and to require all general contractors, contractors, and subcontractors to perform their floor removal and construction work in accordance with such recognized floor removal and construction safety standards;

Columbia - Scottsdale/Westfield 000166

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/8/2019 2:50 PM   2017L003510

(c)   Defendants negligently failed to properly and adequately specify in the construction plans recognized safety standards for the floor removal work of the construction site;

(d)   Defendants undertook to plan and specify the floor removal portion of the construction work in their plans but negligently and carelessly failed to properly and adequately design and specify such work;

(e)   Defendants undertook to prepare the construction plans in accordance with the municipal code of the City of Chicago but negligently failed to meet all applicable federal, state, and local standards as required by such municipal code; and

(f)   Defendants failed to monitor the floor removal to ensure it was performed in accordance with their plans and specifications.

21.   As a direct and proximate result of one or more of the foregoing breaches, the Plaintiff was injured at the construction site.   By reason thereof, Plaintiff, EDUARDO GUZMAN, sustained multiple serious injuries; was hospitalized; required surgery; has suffered and will continue to suffer pain and mental anguish; has incurred and will incur in the future lost earnings; has been disabled and will continue to be disabled; has sustained the loss of a normal life; disfigurement; and has incurred and will continue to incur sums of money for medical treatment of said injuries into the future.

WHEREFORE, Plaintiff, EDUARDO GUZMAN, prays for judgment against Defendant, PATRICK ROSEN and MICHAEL ROSEN, Individually and d/b/a ROSEN ARCHITECTURE, jointly and severally, for an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs for this action and such further relief as this Court deems just and proper.

**Columbia - Scottsdale/Westfield 000167**

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/8/2019 2:50 PM   2017L003510

## COUNT X – Loss of Consortium
## Re:  Plaintiff, KARLA AVINA

1-21.   Plaintiff, KARLA AVINA, re-alleges paragraphs 1 through 21 of Count IX, as paragraphs 1 through 21 of COUNT X herein.

22.   Plaintiff's spouse, KARLA AVINA, is and at all times mentioned in COUNTS I and II, was the lawful wedded wife of Plaintiff, EDUARDO GUZMAN, and has continuously been living with, consorting and cohabiting with her husband.

23.   Because of said injuries to Plaintiff, EDUARDO GUZMAN, and as a direct and proximate consequence of the negligent, wrongful and careless acts of Defendant, PATRICK ROSEN and MICHAEL ROSEN, Individually and d/b/a ROSEN ARCHITECTURE, as aforesaid, Plaintiff, EDUARDO GUZMAN, became permanently damaged in and about his body and will remain so for the duration of his life; and Plaintiff's wife, KARLA AVINA, has been and will continue to be caused to expend large sums of money for services which her husband could and would have performed for her, and has been and will continue to be otherwise greatly injured, inconvenienced and harassed by means of the negligence and carelessness of Defendants, PATRICK ROSEN and MICHAEL ROSEN, Individually and d/b/a ROSEN ARCHITECTURE, as aforesaid.

WHEREFORE, Plaintiff, KARLA AVINA, prays for judgment against Defendants, PATRICK ROSEN and MICHAEL ROSEN, Individually and d/b/a ROSEN ARCHITECTURE, for an amount in excess of FIFTY THOUSAND DOLLARS, ($50,000.00), plus costs for this action and such further relief as the Court deems just and proper.

Columbia - Scottsdale/Westfield 000168

FILED DATE: 3/29/2019 4:17 PM 2017L003510
FILED DATE: 3/8/2019 2:50 PM 2017L003510

## COUNT XI – CONSTRUCTION NEGLIGENCE
## vs. HIGHLAND ENGINEERING, P.C.

1-10.   Plaintiff re-alleges Paragraphs 1 through 10 of Count IX as Paragraphs 1 through 10 of Count XI herein.

11.   On or about March 13, 2017 and sometime prior thereto, Defendant, HIGHLAND ENGINEERING P.C., (hereinafter referred to as HIGHLAND ENGINEERING) was engaged in providing structural engineering services for the construction site located at 3057 N. Rockwell Street, Chicago, Illinois.

12.   That on March 13, 2017 and sometime prior thereto Defendant, HIGHLAND ENGINEERING, undertook it its professional capacity as a structural engineering firm to provide structural services to design and specify the construction and floor removal of the construction site.

13.   That the existing building at the construction site was to be partially reconstructed in accordance with Defendant's, HIGHLAND ENGINEERING, designs and specifications (herein plans).

14.   At all relevant times herein, Defendant, HIGHLAND ENGINEERING, was, in one or more combinations, the structural and architectural engineer, designer, planner, and contractor of the construction site.

15.   The above-mentioned construction plans were used in the floor removal and construction work at the construction site.

16.   On or about March 13, 2017, Plaintiff, EDUARDO GUZMAN, was an employee of TDH Mechanical, Inc. and was a lawful entrant upon the construction site and a business invitee engaged in HVAC work on the construction site.

22

**Columbia - Scottsdale/Westfield 000169**

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/8/2019 2:50 PM   2017L003510

17.   That Defendant, HIGHLAND ENGINEERING, in one or more combinations, as architectural engineer, designer, planner and contractor on the site owed a duty of due care to the Plaintiff, EDUARDO GUZMAN, not to injure him in connection with its work or services at the construction site.

18.   At all relevant times herein Defendant, HIGHLAND ENGINEERING, owed a duty to the public and to Plaintiff, EDUARDO GUZMAN, to use the skill and ordinary care used by reasonably well-qualified structural and architectural engineers under similar circumstances to those set forth herein.

19.   That Plaintiff, EDUARDO GUZMAN, while working at the construction site on March 13, 2017 fell approximately twenty-two feet through an unguarded opening in the 2nd floor thereby sustaining serious injuries.

20.   That Defendant, HIGHLAND ENGINEERING, in one or more combinations, breached its duty of care to Plaintiff in one or more of the following respects:

(a)   Defendant negligently omitted proper and adequate specifications in the construction plans to require all general contractors, contractors, and subcontractors to perform the floor removal and construction work in accordance with recognized safety standards for such floor removal and construction work;

(b)   Defendant negligently and carelessly failed to advise the owners, occupier or contractors to include such specifications in the plans and to require all general contractors, contractors, and subcontractors to perform their floor removal and construction work in accordance with such recognized floor removal and construction safety standards;

(c)   Defendant negligently failed to properly and adequately specify in the construction plans recognized safety standards for the floor removal work of the construction site;

**Columbia - Scottsdale/Westfield 000170**

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/8/2019 2:50 PM   2017L003510

(d)     Defendant undertook to plan and specify the floor removal portion of the construction work in their plans but negligently and carelessly failed to properly and adequately design and specify such work;

(e)     Defendant undertook to prepare the construction plans in accordance with the municipal code of the City of Chicago but negligently failed to meet all applicable federal, state, and local standards as required by such municipal code; and

(f)     Defendant failed to monitor the floor removal to ensure it was performed in accordance with their plans and specifications.

21.     As a direct and proximate result of one or more of the foregoing breaches, the Plaintiff was injured at the construction site.     By reason thereof, Plaintiff, EDUARDO GUZMAN, sustained multiple serious injuries; was hospitalized; required surgery; has suffered and will continue to suffer pain and mental anguish; has incurred and will incur in the future lost earnings; has been disabled and will continue to be disabled; has sustained the loss of a normal life; disfigurement; and has incurred and will continue to incur sums of money for medical treatment of said injuries into the future.

WHEREFORE, Plaintiff, EDUARDO GUZMAN, prays for judgment against Defendant, HIGHLAND ENGINEERING P.C., for an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs for this action and such further relief as this Court deems just and proper.

Columbia - Scottsdale/Westfield 000171

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/8/2019 2:50 PM   2017L003510

## COUNT XII – LOSS OF CONSORTIUM
## Re:  Plaintiff, KARLA AVINA

1-21.    Plaintiff, KARLA AVINA, re-alleges paragraphs 1 through 21 of Count IX, as paragraphs 1 through 21 of COUNT X herein.

22.    Plaintiff's spouse, KARLA AVINA, is and at all times mentioned in COUNTS I and II, was the lawful wedded wife of Plaintiff, EDUARDO GUZMAN, and has continuously been living with, consorting and cohabiting with her husband.

23.    Because of said injuries to Plaintiff, EDUARDO GUZMAN, and as a direct and proximate consequence of the negligent, wrongful and careless acts of Defendant, HIGHLAND ENGINEERING P.C., as aforesaid, Plaintiff, EDUARDO GUZMAN, became permanently damaged in and about his body and will remain so for the duration of his life; and Plaintiff's wife, KARLA AVINA, has been and will continue to be caused to expend large sums of money for services which her husband could and would have performed for her, and has been and will continue to be otherwise greatly injured, inconvenienced and harassed by means of the negligence and carelessness of Defendants, HIGHLAND ENGINEERING P.C., as aforesaid.

WHEREFORE, Plaintiff, KARLA AVINA, prays for judgment against Defendants, HIGHLAND ENGINEERING P.C., for an amount in excess of FIFTY THOUSAND DOLLARS, ($50,000.00), plus costs for this action and such further relief as the Court deems just and proper.

Columbia - Scottsdale/Westfield 000172

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/8/2019 2:50 PM   2017L003510

## COUNT XIII – CONSTRUCTION NEGLIGENCE
## vs. EPIC BUILDERS, INC.

1-10.   Plaintiff re-alleges Paragraphs 1 through 10 of Count IX as Paragraphs 1 through 10 of Count XI herein.

11.   On or about March 13, 2017 and sometime prior thereto, Defendant, EPIC BUILDERS, INC. managed, maintained, controlled, and oversaw the construction work at the construction site located at 3057 N. Rockwell Street, Chicago, Illinois.

12.   That on March 13, 2017 and sometime prior thereto Defendant, EPIC BUILDERS, INC., undertook it its professional capacity to oversee the floor removal and stair construction on the construction site.

13.   That the existing building at the construction site was to be partially reconstructed in accordance with the designs and specifications (herein plans).

14.   On or about March 13, 2017, Plaintiff, EDUARDO GUZMAN, was an employee of TDH Mechanical, Inc. and was a lawful entrant upon the construction site and a business invitee engaged in HVAC work on the construction site.

15.   That Defendant, EPIC BUILDERS, INC., as the construction manager that oversaw the floor removal and stair construction on at the construction site, owed a duty of due care to the Plaintiff, EDUARDO GUZMAN, not to injure him in connection with its work or services at the construction site.

16.   At all relevant times herein Defendant, EPIC BUILDERS, INC., owed a duty to the public and to Plaintiff, EDUARDO GUZMAN, to use the skill and ordinary care used by reasonably well-qualified constractor under similar circumstances to those set forth herein.

Columbia - Scottsdale/Westfield 000173

FILED DATE: 3/29/2019 4:17 PM    2017L003510
FILED DATE: 3/8/2019 2:50 PM    2017L003510

17. That Plaintiff, EDUARDO GUZMAN, while working at the construction site on March 13, 2017 fell approximately twenty-two feet through an unguarded opening in the 2nd floor thereby sustaining serious injuries.

18. That Defendant, EPIC BUILDERS, INC., in one or more combinations, breached its duty of care to Plaintiff in one or more of the following respects:

(a)    Defendants, in one or more combinations, carelessly and negligently failed to supervise, inspect and monitor the construction site in order to prevent and protect Plaintiff from falling through the unguarded opening in the floor;

(b)    Defendants, in one or more combinations, carelessly and negligently failed to supervise, inspect, monitor, and coordinate the work of the subcontractors on the construction site in order to prevent and protect Plaintiff from falling through the unprotected opening in the floor;

(c)    Defendants, in one or more combinations, carelessly and negligently allowed the opening in the wood floor to remain open and unprotected which Plaintiff fell through and sustained serious personal injuries;

(d)    Defendants, in one or more combinations, carelessly and negligently failed to warn and alert Plaintiff of the opening in the floor;

(e)    Defendants, in one or more combinations, carelessly and negligently violated OSHA regulation §1926.500(b)(1) in failing to protect the floor opening as required;

(f)    Defendants, in one or more combinations, carelessly and negligently violated OSHA regulation §1926.503(a) by failing to train employees in proper fall protection procedures to guard against falls;

(g)    Defendants, in one or more combinations, carelessly and negligently violated OSHA Rule §926.56 by failing to provide adequate illumination near the area of the opening in the 2nd floor that Plaintiff fell through;

(h)    Defendants, in one or more combinations, carelessly and negligently failed to inspect or otherwise keep themselves informed of the condition of the worksite and take necessary safety precautions to prevent the

**Columbia - Scottsdale/Westfield 000174**

FILED DATE: 3/29/2019 4:17 PM  2017L003510
FILED DATE: 3/6/2019 2:50 PM  2017L003510

opening in the floor from causing falls and to protect against foreseeable injuries, including those to the Plaintiff herein;

(i)  Defendants, in one or more combinations, carelessly and negligently failed to provide Plaintiff with a safe work place by allowing the opening in the floor to remain unprotected and exposed Plaintiff to the risk of falling through the opening; and

(j)  Defendants, in one or more combinations, carelessly and negligently failed to properly supervise the construction site and monitor work of its subcontractors, and thereby allowed its subcontractors to engage in the unsafe practice of not covering or guarding the unmarked opening in the floor with appropriate protection which exposed Plaintiff to the risk of falling through the opening.

19.  As a direct and proximate result of one or more of the foregoing breaches, the Plaintiff was injured at the construction site.  By reason thereof, Plaintiff, EDUARDO GUZMAN, sustained multiple serious injuries; was hospitalized; required surgery; has suffered and will continue to suffer pain and mental anguish; has incurred and will incur in the future lost earnings; has been disabled and will continue to be disabled; has sustained the loss of a normal life; disfigurement; and has incurred and will continue to incur sums of money for medical treatment of said injuries into the future.

WHEREFORE, Plaintiff, EDUARDO GUZMAN, prays for judgment against Defendant, EPIC BUILDERS, INC., for an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs for this action and such further relief as this Court deems just and proper.

Columbia - Scottsdale/Westfield 000175

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/6/2019 2:50 PM   2017L003510

## COUNT XIV – LOSS OF CONSORTIUM
## Re: Plaintiff, KARLA AVINA

20.     Plaintiff, KARLA AVINA, re-alleges paragraphs 1 through 19 of Count XIII, as paragraphs 1 through 21 of Count XIV herein.

22.     Plaintiff's spouse, KARLA AVINA, is and at all times mentioned in Counts XIII through XIV was the lawful wedded wife of Plaintiff, EDUARDO GUZMAN, and has continuously been living with, consorting and cohabiting with her husband.

23.     Because of said injuries to Plaintiff, EDUARDO GUZMAN, and as a direct and proximate consequence of the negligent, wrongful and careless acts of all of the Defendants, as aforesaid, Plaintiff, EDUARDO GUZMAN, became permanently damaged in and about his body and will remain so for the duration of his life; and Plaintiff's wife, KARLA AVINA, has been and will continue to be caused to expend large sums of money for services which her husband could and would have performed for her, and has been and will continue to be otherwise greatly injured, inconvenienced and harassed by means of the negligence and carelessness of all of the Defendants, as aforesaid.

WHEREFORE, Plaintiff, KARLA AVINA, prays for judgment against Defendant, EPIC BUILDERS, INC., for an amount in excess of FIFTY THOUSAND DOLLARS, ($50,000.00), plus costs for this action and such further relief as the Court deems just and proper.

**Columbia - Scottsdale/Westfield 000176**

FILED DATE: 3/29/2019 4:17 PM 2017L003510
FILED DATE: 3/6/2019 2:50 PM 2017L003510

## COUNT XV – CONSTRUCTION NEGLIGENCE
## vs. NORTH SHORE BRICKWORK & WINDOWS, INC.

1-10.   Plaintiff re-alleges Paragraphs 1 through 10 of Count XIII as Paragraphs 1 through 10 of Count XV herein.

11.   On or about March 13, 2017 and sometime prior thereto, Defendant, NORTH SHORE BRICKWORK & WINDOWS, INC. was engaged in masonry work for the construction site located at 3057 N. Rockwell Street, Chicago, Illinois.

12.   That on March 13, 2017 and sometime prior thereto Defendant, NORTH SHORE BRICKWORK & WINDOWS, INC., undertook it its professional capacity as a masonry contractor to remove and replace bricks in the area of a hole in the walking surface of the second floor at the construction site.

13.   That on March 13, 2017 and sometime prior thereto Defendant, NORTH SHORE BRICKWORK & WINDOWS, INC., undertook in its professional capacity as a masonry contractor to lay down sheets of plywood on the ground in and around the hole in the walking surface of the second floor at the construction site.

14.   On or about March 13, 2017, Plaintiff, EDUARDO GUZMAN, was an employee of TDH Mechanical, Inc. and was a lawful entrant upon the construction site and a business invitee engaged in HVAC work on the construction site.

15.   That Defendant, NORTH SHORE BRICKWORK & WINDOWS, INC., owed a duty of due care to the Plaintiff, EDUARDO GUZMAN, not to injure him in connection with its work or services at the construction site.

16.   At all relevant times herein Defendant, NORTH SHORE BRICKWORK & WINDOWS, INC., owed a duty to the public and to Plaintiff, EDUARDO GUZMAN, to

Columbia - Scottsdale/Westfield 000177

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/8/2019 2:50 PM   2017L003510

use the skill and ordinary care used by reasonably well-qualified contractor under similar circumstances to those set forth herein.

17.    That Plaintiff, EDUARDO GUZMAN, while working at the construction site on March 13, 2017 fell approximately twenty-two feet through an unguarded opening in the 2nd floor thereby sustaining serious injuries.

18.    That Defendant, NORTH SHORE BRICKWORK & WINDOWS, INC., in one or more combinations, breached its duty of care to Plaintiff in one or more of the following respects:

    (a)    Defendants, in one or more combinations, carelessly and negligently failed to supervise, inspect and monitor the construction site in order to prevent and protect Plaintiff from falling through the unguarded opening in the floor;

    (b)    Defendants, in one or more combinations, carelessly and negligently failed to supervise, inspect, monitor, and coordinate the work of the subcontractors on the construction site in order to prevent and protect Plaintiff from falling through the unprotected opening in the floor;

    (c)    Defendants, in one or more combinations, carelessly and negligently allowed the opening in the wood floor to remain open and unprotected which Plaintiff fell through and sustained serious personal injuries;

    (d)    Defendants, in one or more combinations, carelessly and negligently failed to warn and alert Plaintiff of the opening in the floor;

    (e)    Defendants, in one or more combinations, carelessly and negligently violated OSHA regulation §1926.500(b)(1) in failing to protect the floor opening as required;

    (f)    Defendants, in one or more combinations, carelessly and negligently violated OSHA regulation §1926.503(a) by failing to train employees in proper fall protection procedures to guard against falls;

Columbia - Scottsdale/Westfield 000178

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/8/2019 2:50 PM   2017L003510

(g)     Defendants, in one or more combinations, carelessly and negligently violated OSHA Rule §926.56 by failing to provide adequate illumination near the area of the opening in the 2nd floor that Plaintiff fell through;

(h)     Defendants, in one or more combinations, carelessly and negligently failed to inspect or otherwise keep themselves informed of the condition of the worksite and take necessary safety precautions to prevent the opening in the floor from causing falls and to protect against foreseeable injuries, including those to the Plaintiff herein;

(i)     Defendants, in one or more combinations, carelessly and negligently failed to provide Plaintiff with a safe work place by allowing the opening in the floor to remain unprotected and exposed Plaintiff to the risk of falling through the opening; and

(j)     Defendants, in one or more combinations, carelessly and negligently failed to properly supervise the construction site and monitor work of its subcontractors, and thereby allowed its subcontractors to engage in the unsafe practice of not covering or guarding the unmarked opening in the floor with appropriate protection which exposed Plaintiff to the risk of falling through the opening.

(k)     Defendants carelessly and negligently failed to remove any and all pieces of plywood from the floor on the second floor of the construction site.

(l)     Defendants carelessly and negligently failed to warn Plaintiff that there was a piece of plywood on the floor of the second floor in and around the area where the hole in the walking surface was located.

19.     As a direct and proximate result of one or more of the foregoing breaches, the Plaintiff was injured at the construction site. By reason thereof, Plaintiff, EDUARDO GUZMAN, sustained multiple serious injuries; was hospitalized; required surgery; has suffered and will continue to suffer pain and mental anguish; has incurred and will incur in the future lost earnings; has been disabled and will continue to be disabled; has sustained the loss of a normal life; disfigurement; and has incurred and will continue to incur sums of money for medical treatment of said injuries into the future.

Columbia - Scottsdale/Westfield 000179

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/8/2019 2:50 PM   2017L003510

WHEREFORE, Plaintiff, EDUARDO GUZMAN, prays for judgment against Defendant, NORTH SHORE BRICKWORK & WINDOWS, INC., for an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs for this action and such further relief as this Court deems just and proper.

### COUNT XVI – LOSS OF CONSORTIUM
### Re: Plaintiff, KARLA AVINA

20.     Plaintiff, KARLA AVINA, re-alleges paragraphs 1 through 19 of Count XV, as paragraphs 1 through 19 of Count XVI herein.

22.     Plaintiff's spouse, KARLA AVINA, is and at all times mentioned in Counts III through VIII was the lawful wedded wife of Plaintiff, EDUARDO GUZMAN, and has continuously been living with, consorting and cohabiting with her husband.

23.     Because of said injuries to Plaintiff, EDUARDO GUZMAN, and as a direct and proximate consequence of the negligent, wrongful and careless acts of all of the Defendants, as aforesaid, Plaintiff, EDUARDO GUZMAN, became permanently damaged in and about his body and will remain so for the duration of his life; and Plaintiff's wife, KARLA AVINA, has been and will continue to be caused to expend large sums of money for services which her husband could and would have performed for her, and has been and will continue to be otherwise greatly injured, inconvenienced and harassed by means of the negligence and carelessness of all of the Defendants, as aforesaid.

WHEREFORE, Plaintiff, KARLA AVINA, prays for judgment against Defendant, NORTH SHORE BRICKWORK & WINDOWS, INC., for an amount in excess of FIFTY

Columbia - Scottsdale/Westfield 000180

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/6/2019 2:50 PM   2017L003510

THOUSAND DOLLARS, ($50,000.00), plus costs for this action and such further relief as the Court deems just and proper.

**COUNT XVII – CONSTRUCTION NEGLIGENCE**
**vs. HERA CONSTRUCTION, INC.**

1-10.    Plaintiff re-alleges Paragraphs 1 through 10 of Count XIII as Paragraphs 1 through 10 of Count XV herein.

11.    On or about March 13, 2017 and sometime prior thereto, Defendant, HERA CONSTRUCTION, INC. was engaged in masonry work for the construction site located at 3057 N. Rockwell Street, Chicago, Illinois.

12.    That on March 13, 2017 and sometime prior thereto Defendant, HERA CONSTRUCTION, INC., undertook it its professional capacity as a masonry contractor to remove and replace bricks in the area of a hole in the walking surface of the second floor at the construction site.

13.    That on March 13, 2017 and sometime prior thereto Defendant, HERA CONSTRUCTION, INC., undertook in its professional capacity as  a masonry contractor to lay down sheets of plywood on the ground in and around the hole in the walking surface of the second floor at the construction site.

14.    On or about March 13, 2017, Plaintiff, EDUARDO GUZMAN, was an employee of TDH Mechanical, Inc. and was a lawful entrant upon the construction site and a business invitee engaged in HVAC work on the construction site.

15.    That Defendant, HERA CONSTRUCTION, INC., owed a duty of due care to the Plaintiff, EDUARDO GUZMAN, not to injure him in connection with its work or services at the construction site.

34

**Columbia - Scottsdale/Westfield 000181**

FILED DATE: 3/29/2019 4:17 PM    2017L003510
FILED DATE: 3/8/2019 2:50 PM    2017L003510

16.    At all relevant times herein Defendant, HERA CONSTRUCTION, INC., owed a duty to the public and to Plaintiff, EDUARDO GUZMAN, to use the skill and ordinary care used by reasonably well-qualified contractor under similar circumstances to those set forth herein.

17.    That Plaintiff, EDUARDO GUZMAN, while working at the construction site on March 13, 2017 fell approximately twenty-two feet through an unguarded opening in the 2nd floor thereby sustaining serious injuries.

18.    That Defendant, HERA CONSTRUCTION, INC., in one or more combinations, breached its duty of care to Plaintiff in one or more of the following respects:

(a)    Defendants, in one or more combinations, carelessly and negligently failed to supervise, inspect and monitor the construction site in order to prevent and protect Plaintiff from falling through the unguarded opening in the floor;

(b)    Defendants, in one or more combinations, carelessly and negligently failed to supervise, inspect, monitor, and coordinate the work of the subcontractors on the construction site in order to prevent and protect Plaintiff from falling through the unprotected opening in the floor;

(c)    Defendants, in one or more combinations, carelessly and negligently allowed the opening in the wood floor to remain open and unprotected which Plaintiff fell through and sustained serious personal injuries;

(d)    Defendants, in one or more combinations, carelessly and negligently failed to warn and alert Plaintiff of the opening in the floor;

(e)    Defendants, in one or more combinations, carelessly and negligently violated OSHA regulation §1926.500(b)(1) in failing to protect the floor opening as required;

(f)    Defendants, in one or more combinations, carelessly and negligently violated OSHA regulation §1926.503(a) by failing to train employees in proper fall protection procedures to guard against falls;

**Columbia - Scottsdale/Westfield 000182**

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/8/2019 2:50 PM   2017L003510

(g)     Defendants, in one or more combinations, carelessly and negligently violated OSHA Rule §926.56 by failing to provide adequate illumination near the area of the opening in the 2nd floor that Plaintiff fell through;

(h)     Defendants, in one or more combinations, carelessly and negligently failed to inspect or otherwise keep themselves informed of the condition of the worksite and take necessary safety precautions to prevent the opening in the floor from causing falls and to protect against foreseeable injuries, including those to the Plaintiff herein;

(i)     Defendants, in one or more combinations, carelessly and negligently failed to provide Plaintiff with a safe work place by allowing the opening in the floor to remain unprotected and exposed Plaintiff to the risk of falling through the opening; and

(j)     Defendants, in one or more combinations, carelessly and negligently failed to properly supervise the construction site and monitor work of its subcontractors, and thereby allowed its subcontractors to engage in the unsafe practice of not covering or guarding the unmarked opening in the floor with appropriate protection which exposed Plaintiff to the risk of falling through the opening.

(k)     Defendants carelessly and negligently failed to remove any and all pieces of plywood from the floor on the second floor of the construction site.

(l)     Defendants carelessly and negligently failed to warn Plaintiff that there was a piece of plywood on the floor of the second floor in and around the area where the hole in the walking surface was located.

19.     As a direct and proximate result of one or more of the foregoing breaches, the Plaintiff was injured at the construction site. By reason thereof, Plaintiff, EDUARDO GUZMAN, sustained multiple serious injuries; was hospitalized; required surgery; has suffered and will continue to suffer pain and mental anguish; has incurred and will incur in the future lost earnings; has been disabled and will continue to be disabled; has sustained the loss of a normal life; disfigurement; and has incurred and will continue to incur sums of money for medical treatment of said injuries into the future.

36

**Columbia - Scottsdale/Westfield 000183**

WHEREFORE, Plaintiff, EDUARDO GUZMAN, prays for judgment against Defendant, HERA CONSTRUCTION, INC., for an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs for this action and such further relief as this Court deems just and proper.

### COUNT XVIII – LOSS OF CONSORTIUM
### Re: Plaintiff, KARLA AVINA

20.     Plaintiff, KARLA AVINA, re-alleges paragraphs 1 through 19 of Count XV, as paragraphs 1 through 19 of Count XVI herein.

24. Plaintiff's spouse, KARLA AVINA, is and at all times mentioned in Counts III through VIII was the lawful wedded wife of Plaintiff, EDUARDO GUZMAN, and has continuously been living with, consorting and cohabiting with her husband.

25.     Because of said injuries to Plaintiff, EDUARDO GUZMAN, and as a direct and proximate consequence of the negligent, wrongful and careless acts of all of the Defendants, as aforesaid, Plaintiff, EDUARDO GUZMAN, became permanently damaged in and about his body and will remain so for the duration of his life; and Plaintiff's wife, KARLA AVINA, has been and will continue to be caused to expend large sums of money for services which her husband could and would have performed for her, and has been and will continue to be otherwise greatly injured, inconvenienced and harassed by means of the negligence and carelessness of all of the Defendants, as aforesaid.

WHEREFORE, Plaintiff, KARLA AVINA, prays for judgment against Defendant, HERA CONSTRUCTION, INC., for an amount in excess of FIFTY THOUSAND

Columbia - Scottsdale/Westfield 000184

FILED DATE: 3/29/2019 4:17 PM   2017L003510
FILED DATE: 3/8/2019 2:50 PM   2017L003510

DOLLARS, ($50,000.00), plus costs for this action and such further relief as the Court

deems just and proper.

Respectfully submitted,

By: _____

One of Plaintiff's Attorneys

Richard L. Pullano (rlp@pullanolaw.com)
Mathew T. Siporin (mts@pullanolaw.com)
PULLANO LAW OFFICES
1 E. Upper Wacker Dr., Suite 510
Chicago, Illinois 60601
Tel: (312) 551-1100
Fax: (312) 803-1917

FILED DATE: 3/29/2019 4:17 PM    2017L003510
FILED DATE: 3/8/2019 2:50 PM    2017L003510

Columbia - Scottsdale/Westfield 000185

Attorney No. 49077

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

**FILED**

| | | |
|---|---|---|
| EDUARDO GUZMAN and KARLA AVINA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 17 L 003510 |
| vs. | ) | |
| | ) | |
| PRAIRIE MANAGEMENT & DEVELOPMENT, | ) | |
| INC., | ) | |
| | ) | |
| Defendant, | ) | |

3/29/2019 4:17 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2017L003510

**NOTICE OF FILING**

TO:     See attached Service List

**PLEASE TAKE NOTICE** that on this date we have electronically filed with the Clerk of the Circuit Court of Cook County, the attached documents:

- PRAIRIE MANAGEMENT & DEVELOPMENT, INC. AND ROCKWELL PROPERTIES, INC.'S ANSWER TO EPIC BUILDERS, INC.'S CROSS-CLAIM FOR CONTRIUBTION;
- PRAIRIE MANAGEMENT & DEVELOPMENT, INC. AND ROCKWELL PROPERTIES, INC.'S ANSWER TO NORTH SHORE BRICKWORK AND WINDOWS, INC.'S CROSS-CLAIM FOR CONTRIUBTION;
- PRAIRIE MANAGEMENT & DEVELOPMENT, INC. AND ROCKWELL PROPERTIES, INC.'S ANSWER TO DAVID HUTH and H&H CONTRACTING'S AMENDED CROSS-CLAIM FOR CONTRIUBTION;
- PRAIRIE MANAGEMENT & DEVELOPMENT, INC. AND ROCKWELL PROPERTIES, INC.'S ANSWER TO COUNTER-PLAINTIFF PATRICK ROSEN AND ROSEN ARCHITECTURE'S AMENDED CROSS-CLAIM FOR CONTRIBTION;
- PRAIRIE MANAGEMENT & DEVELOPMENT, INC. AND ROCKWELL PROPERTIES, INC.'S THIRD PARTY COMPLAINT AGAINST TDH MECHANICAL INC. FOR INDEMINFICATION AND BREACH OF CONTRACT;
- PRAIRIE MANAGEMENT & DEVELOPMENT, INC.'S ANSWER TO TDH MECHANICAL, INC.'S AFFIRMATIVE DEFENSE;
- PRAIRIE MANAGEMENT & DEVELOPMENT, INC. AND ROCKWELL PROPERTIES, INC.'S SECONDAMENDED THIRD PARTY COMPLAINT FOR CONTRIBUTION AND CROSS-CLAIM FOR CONTRIBUTION; and
- PRAIRIE MANAGEMENT & DEVELOPMENT, INC. AND ROCKWELL PROPERTIES, INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES.

dated at Chicago, Illinois, this **29th day of March, 2019.**

**BRENNER, MONROE, SCOTT & ANDERSON, LTD.**
120 North LaSalle Street, Suite 2100
Chicago, Illinois 60602
Telephone: (312) 781-1970

Attorney for Prairie
Management &
Development, Inc. and
Rockwell Properties, Inc.

**Columbia - Scottsdale/Westfield 000186**

FILED DATE: 3/29/2019 4:17 PM   2017L003510

## CERTIFICATE OF MAILING

The undersigned, a non-attorney, states that she served a copy of the above Notice of Filing, together with above-named documents to the attorney mentioned above via email, before the hour of 5:00 p.m. on the **29th day of March, 2019.**

s/Marge Busiel

| | |
|---|---|
| [X] | Under penalties as provided by law pursuant to 735 ILCS 5/1-109 (1993) I certify that the statements set forth herein are true and correct. |

**Brenner, Monroe, Scott, & Anderson, Ltd.**
120 North LaSalle Street
Chicago, Illinois 60602
(312) 781-1970

**Columbia - Scottsdale/Westfield 000187**

*Guzman and Avina vs. Prairie*
*Case No.: 17 L 3510*

FILED DATE: 3/29/2019 4:17 PM   2017L003510

## SERVICE LIST

| | |
|---|---|
| **Attorney for Plaintiff**<br>Andrew Kreigel<br>Paul W. Grauer<br>Graurer & Kreigel, LLC<br>1300 E. Woodfield Road, Suite 205<br>Schaumburg, IL 61703<br>Phone: (847) 240-9010<br>Fax: (847) 240-9062<br>Email: Andrew@grauerlaw.com | **Attorney for Defendant Highland Engineering, P.C.**<br>James M. "Marc" Forkins, Jr.<br>Law Offices of Edward J. Kozel<br>333 S. Wabash Avenue, 25th Floor<br>Chicago, IL 60604<br>Phone: (312) 855-3350<br>Direct: (312) 822-6358<br>Fax: (312) 817-1978<br>James.Forkins@cna.com<br>Nancy.lima@cna.com |
| **Attorney for Plaintiff (additional)**<br>Richard L. Pullano<br>Mat Siporin<br>Pullano Law<br>30 N. LaSalle, Suite 2950<br>Chicago, IL 60602<br>Phone(312) 551-1100<br>Email: yolanda@pullanolaw.com<br>mts@pullanolaw.com<br>rlp@pullanolaw.com | **Attorney for Defendants HH Contracting and David Huth**<br>Michael Ripes<br>Ripes, Nelson Baggot Kalob<br>205 W. Randloph #2110<br>Chicago, IL 60606<br>Phone: (312) 263-9600<br>Fax: (312) 263-8718<br>MRipes@RNBK.com |
| **Attorney for TDH Mechanical, Inc.**<br>James VanRheeden<br>Quinn Johnston Henderson Preoris Cerulo<br>227 E. Jefferson St.<br>Peoria, IL 61602<br>Phone (309) 674-1133<br>Email: jwetherill@quinnjohnston.com<br>dharper@quinnjohnston.com | **Attorney for Defendants Patrick Rosen and Rosen Architecture**<br>Newton C. Marshall<br>Sarah A. Johnson<br>Douglas R. Garmager<br>Karbal Cohen Economou Silk Dunne, LLC<br>150 S. Wacker Drive, Suite 1700<br>Chicago, Illinois 60606<br>Phone: (312) 431-3700<br>Email: nmarshall@karballaw.com<br>sjohnson@karballaw.com<br>dgarmager@karballaw.com<br>lwalters@karballaw.com |
| **Additional Counsel for Prairie Management & Development, Inc.**<br>Timothy V. Hoffman<br>Brian C. Hoppe<br>Stacy A. Georginis<br>Sanchez, Daniels & Hoffman, LLP<br>333 W. Wacker Drive, Suite 500<br>Chicago, IL 60606<br>Phone: (312) 641-1555<br>thoffman@sanchezdh.com<br>bhoppe@sanchexdh.com<br>SGeorginis@SanchezDH.com | **Attorneys for Defendants Paul Levy & Phoenix Community Builder**<br>Christopher J. Pickett<br>Matthew Bachochin<br>Lindsay, Pickett & Postel, LLC<br>10 S. LaSalle, #1301<br>Chicago, IL 60603<br>Phone: (312) 596-7779<br>mbachochin@lprp-law.com<br>cpickett@lprp-law.com<br>mniemynski@lprp-law.com |

FILED DATE: 3/29/2019 4:17 PM   2017L003510

| **Attorneys for Defendant Epic Builders, Inc.** | **Attorneys for Defendant North Shore Brickwork and Windows. Inc.** |
|---|---|
| Stephen S. Weiss | Margaret C. Firnstein |
| Justyna M. Kruk | Michael A. Schlechtweg |
| Tribler Orpett & Meyer, P.C. | SmithAmundsen, LLC |
| 225 W. Washington Street, Suite 2550 | 150 N. Michigan Avenue, IL 60601 |
| Chicago, IL 60606 | Phone: (312) 894-3200 |
| Phone: (312) 201-6400 | mfirnstein@salawus.com |
| ssweiss@tribler.com | mschlechtweg@salawus.com |
| jmkruk@tribler.com | JSchuth@salawus.com |
| docket@tribler.com | |

**Columbia - Scottsdale/Westfield 000189**